The document below is hereby signed.

Signed: May 25, 2018



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ANTHONY DWAYNE BOYKIN, | ) | Case No. 16-00140 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

## MEMORANDUM DECISION AND ORDER DISMISSING MOTION TO REDUCE CLAIM

During the pendency of this case in Chapter 13, the Chapter 13 trustee filed a motion to reduce the prepetition arrears claim of US Bank, N.A., "pursuant to creditor's withdrawal of said claim by return/cancellation of distribution funds." Such a return or cancellation of distribution funds usually occurs because the creditor has elected to proceed with a foreclosure sale. The Chapter 13 trustee later submitted an order, titled an "agreed order," resolving the motion, but counsel for US Bank, N.A. had not endorsed the order. In the interim, the case has been converted to Chapter 7, effective as of April 24, 2018. The Chapter 13 trustee has failed timely to file a final report under Fed. R. Bankr. P. 1019(5)(B)(ii), so it is unclear whether there were any undistributed chapter 13 plan payments on hand when this

case was converted to Chapter 7.

The motion must be dismissed as moot because the motion mattered when the case was pending in Chapter 13, but not once the case was converted to Chapter 13.  Under *Harris v. Viegelahn*, --- U.S. ----, 135 S.Ct. 1829, 191 L.Ed.2d 783 (2015), upon conversion of a Chapter 13 case to Chapter 7, 11 U.S.C. § 348(e) terminates the services of the Chapter 13 trustee, leaving her with no further authority to make distributions under the confirmed plan; and, unless the conversion was a bad-faith conversion, 11 U.S.C. § 348(f) limits a converted Chapter 7 estate to property belonging to the debtor as of the petition date, such that undistributed plan payments held by the Chapter 13 trustee must be distributed to the debtor.

It follows that upon conversion, the Chapter 13 trustee no longer had authority to make a distribution on US Bank, N.A.'s prepetition arrears claim.  Even if the undistributed chapter 13 plan payment funds became property of the estate (instead of funds to be distributed to the debtor), the funds are to be administered by the Chapter 7 trustee (not by the Chapter 13 trustee under the Chapter 13 plan).

Whether US Bank, N.A.'s proof of claim should be treated as withdrawn has no impact on the Chapter 7 case.  The proof of claim asserted only a *secured* claim, not an *unsecured* claim to be paid from distributions by the Chapter 7 trustee of funds he

administers for payment of unsecured claims.  Even if the claim were treated as withdrawn, the lien for such a claim would remain in place for any unpaid amounts (unless the collateral securing the claim has been foreclosed upon in enforcement of the creditor's lien), and could be asserted against the collateral securing the claim (or its proceeds) if the Chapter 7 trustee were to sell the collateral.

Whether the proof of claim for a *secured* prepetition arrears claim should be deemed withdrawn is thus an academic issue.  If an amended claim were filed for an *unsecured* arrears claim, the Chapter 7 trustee could file an objection to such an amended claim, and dismissal of the Chapter 13 trustee's motion would not have any effect on the disposition of such an objection.  It is thus

ORDERED that the motion (Dkt. No. 41) to reduce the prepetition arrears claim of US Bank, N.A. is dismissed as moot.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.